IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 1 2007

GREGO... ... NGHAM
CLERK

Civil Action No. 06-cv-02226-BNB

MARIA FLOOD,

　　Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, and
ICCS – INTERVENTION COMMUNITY CORRECTIONS SERVICES,

　　Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

　　Plaintiff, Maria Flood, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Denver Women's Correctional Facility. She filed **pro se** a complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993). She fails to state the relief she seeks.

　　The Court must construe the complaint liberally because Ms. Flood is representing herself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Flood will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure.

　　Ms. Flood asserts that in February 2005 while she was in DOC custody she was raped by a correctional officer, who threatened to jeopardize her community corrections

placement if she reported the rape. She has not named the correctional officer as a defendant. She further asserts that on February 25, 2005, when she was released to Intervention Community Correction Services for community corrections placement, she reported the rape to the on-site psychologist and to her case manager. She contends that as a result of the rape, she became pregnant, lost the baby on May 12, 2006, and lost her husband of seven years, who left her and took their child when he learned about the pregnancy. She alleges that she suffers from postpartum depression, suicide attempts, and attempts to cut herself, leaving scars all over her body. Ms. Flood apparently was returned to incarceration because she violated her community corrections placement.

Ms. Flood fails to allege a constitutional violation. She also fails to assert each defendant's role in the events leading to and subsequent to the rape. As a result, she fails to assert clearly each defendant's personal participation in any constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Flood will be directed to file an amended complaint. She is advised that she must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Ms. Flood should review her claims carefully to ensure that she states the relief she seeks and that each named defendant personally participated in the asserted constitutional violations.

In addition, it appears that Ms. Flood has failed to exhaust her claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Ms. Flood is a prisoner confined in a correctional facility. The claims she asserts relate to prison conditions and occurred while she was incarcerated in the DOC. Therefore, she must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Ms. Flood must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211.

Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Ms. Flood has failed to exhaust administrative remedies for any one of her claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Ms. Flood and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Ms. Flood's vague statement that "[t]hey won't report the rape . . . [w]hen I told them about the rape" fails to satisfy the requirement that she either attach copies of her administrative proceedings or describe their disposition with specificity. Therefore, Ms. Flood will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure as to her asserted claims. Accordingly, it is

ORDERED that Ms. Flood file **within thirty (30) days from the date of this**

4

**order** an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Flood, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Ms. Flood submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Ms. Flood fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 11, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.

Maria Flood
Prisoner No. 114912
DWCF
P.O. Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  1-11-07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk